Receipt number 9998-3465077

# ORIGINAL

## UNITED STATES COURT OF FEDERAL CLAIMS

FILED

AUG 5 2016
U.S. COURT OF
FEDERAL CLAIMS

CB&I AREVA MOX SERVICES, LLC,    )
                                              )

           Plaintiff           )     Case. No.  **16-950 C**

                                                )

         v.                    )

                                              )

THE UNITED STATES OF AMERICA,     )

                                              )

          Defendant.     )

                                                )

## COMPLAINT

1.     Plaintiff CB&I AREVA MOX Services, LLC ("MOX Services") brings this action seeking just compensation under U.S. Department of Energy ("DOE") Contract No. DE-AC02-99CH10888 and the Federal Acquisition Regulation (Title 48, U.S. Code of Federal Regulations, "48 CFR" or the "FAR," Chapter 1) for the denial of a certified claim for incurred costs of $2,244,972.05 associated with preparation of a request for equitable adjustment ("REA").

2.     Recovery of REA preparation costs is allowable under FAR cost principles contained in FAR Part 31, specifically FAR (section) 31.205-33 *Professional and Consultant Service Costs*.  However, the United States, through its agents DOE and the National Nuclear Security Administration ("NNSA"), denied those incurred costs because MOX Services did not comply with 10 CFR Part 719.  (See, Attachment A, MOX Certified Claim, and Attachment B, NNSA Certified Claim Denial, incorporated herein by reference).

3.     MOX Services utilization of an attorney or law firm to assist its preparation of an REA is an allowable contract administration cost under the MOX Contract and the FAR; therefore, NNSA wrongfully denied those allowable contract administration costs.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action, and venue is proper, pursuant to Title 28 of the U.S. Code § 1491(a).

5.      Plaintiff has standing to bring this Complaint as it is in a contractual relationship with the United States, *i.e.*, it is a Government contractor.

## PARTIES

6.      Plaintiff CB&I AREVA MOX Services, LLC, a South Carolina limited liability company with its headquarters in Aiken, SC, is a Prime Contractor with DOE and is constructing the Mixed-Oxide Fuel Fabrication Facility (the "MFFF") at the Savannah River Nuclear Site, located in South Carolina and owned by DOE.  NNSA is the administrator for the MOX Contract.

7.      The Defendant is the United States of America acting through DOE and NNSA.

## STATEMENT OF FACTS

8.      On March 22, 1999, DOE awarded the MOX Contract to the predecessor in interest to MOX Services.  The MOX Contract consists of a cost-reimbursement plus incentive, award, and milestone fee base contract with a series of options that the Government could exercise.  The base contract covered the design of the MFFF, and Option 1 was for construction and cold start-up of the facility.  This cause of action arises out of Option 1.

9.      MOX Services submitted REA 15-001"Cost/Schedule Incentive Fee Payment" to NNSA, which NNSA stated it received on June 25, 2015.  As part of this REA, MOX Services requested reimbursement of professional costs incurred in the preparation of the REA in the amount of $2,244,972.05.

10.    NNSA hosted a meeting with MOX Services on August 17, 2015, to discuss these preparation costs, which included costs such as professional costs, fees and expenses incurred by outside legal counsel.  NNSA stated that Part 719 applied to any use of outside counsel, regardless of reason.  NNSA asserted that MOX Services failed to request approval of outside counsel pursuant to Part 719, failed to provide NNSA with an engagement letter for counsel, and failed to seek approval for expert witnesses and consultants as required by Part 719.  NNSA asserted that MOX Services' failure to follow these Part 719 protocols was grounds for disallowance of the preparation costs.  NNSA reflected its position in correspondence dated September 1, 2015.

11.    MOX Services asserted a contrary position in reply correspondence dated September 11, 2015, stating that contract administration costs, such as REA preparation utilizing outside counsel or other professionals, are recoverable.  Similarly, costs incurred in judicial and administrative proceedings (i.e., adversarial proceedings) are governed by FAR 31.205-47 *Costs Related to Legal and Other Proceedings*, and compliance with this FAR clause makes these costs recoverable also.  While DEAR clause 952.231-71 *Insurance – Litigation and Claims* specifies that Part 719 applies to adversarial proceedings, i.e., litigation and claims, MOX Services noted that the applicability of Part 719 to counsel's fees incurred in adversarial proceedings is distinguishable from a contractor enhancing its legal, economic, and financial position in the contract administration process through the preparation of an REA.  Accordingly, MOX Services did not fail to comply with any relevant FAR, other CFR, or MOX Contract provision governing those costs incurred in preparation of the REA for which MOX Services sought reimbursement.

12.     NNSA subsequently took formal issue with MOX Services' position, reiterating that Part 719 unequivocally applied, and issued correspondence dated September 22, 2015, notifying MOX Services of NNSA's intent to disallow the REA preparation costs.  NNSA stated it would reject MOX Services' Invoice/Voucher 202C requesting reimbursement of the preparation costs, and requested that MOX Services acknowledge its letter within five (5) business days.  MOX Services responded as requested in correspondence dated September 25, 2015, disputing NNSA's position and declared that an impasse had been reached.

13.     MOX Services asserted in its certified claim dated February 15, 2016, that in addition to the distinction between contract administration costs, such as utilizing legal counsel or consultants to assist in REA preparation, and legal costs incurred in an adversarial setting— DOE never modified the MOX Contract to include DEAR 931.205-33 *Professional and Consultant Service Costs.*  Thus, DOE's own MOX Contract applicable regulation is limited to legal costs incurred in litigation or claims.  Given the well settled principles governing the allowability of contract administration costs, regardless of the profession of the person or entity utilized by the Contractor in its contract administration, and in the absence of this DEAR clause, the cost principles of FAR 31.205-33 control, and compliance with Part 719 is not mandated.

14.     MOX Services also asserted that Government Contract law is well settled that costs incidental to *contract administration*, including legal and consultant fees, are allowable costs when incurred by a Government contractor.  Such costs include the preparation of REAs for submittal to a contracting officer and subsequent negotiation even if the negotiations prove unsuccessful and litigation ensues.  The key determinant distinguishing allowability of costs is whether the preparation costs are for the genuine purpose of materially furthering the negotiation

process.  REAs are considered to be contract administration, as opposed to litigation, under the

Contract Disputes Act (41 U.S.C. §§ 7101-7109).

      15.    NNSA denied the certified claim in correspondence dated May 11, 2016, finding

no merit in MOX Services' claim and alleging that the costs incurred were presumptively a claim

under the Contract Disputes Act and not considered to be contract administration or furthering

negotiations between the parties.   It further stated that MOX Services was not entitled to an

equitable adjustment because there were no contract changes, and accordingly, MOX Services

was not entitled to reimbursement of REA preparation costs where NNSA found no merit in the

REA.

**For a First Cause of Action**
**Count I – Against the United States for Just Compensation**
**Under the MOX Contract and FAR**

      16.    Plaintiff incorporates by reference and reasserts each and every allegation set

forth in paragraphs 1-15 above.

      17.    Plaintiff invested time, effort and expense in the preparation of REA 15-001,

making good faith assertions of multiple constructive changes to the MOX Contract occasioned

by actions and failures to act by NNSA.  These incurred contract administration costs exceed

$2.244 million, which MOX Services has absorbed.  NNSA rejected MOX Services good faith

assertions that any contract changes occurred, and, in its legal reasoning, denied reimbursement

of the incurred REA preparation costs that are clearly allowable under the MOX Contract and

FAR.

      18.    Using a tortured rationale, selectively citing legal cases, and failing to address the

fact that Part 719 does not apply to MOX Services' use of a law firm to assist MOX Services

contract administration efforts of an REA preparation—NNSA denied reimbursement of these

5

costs incurred under the MOX Contract.   Therefore, the United States has denied MOX Services just compensation.

19.    DOE wrongfully denied reimbursement of those REA preparation costs presented for payment to DOE pursuant to the FAR and allowable under MOX Services' contract.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.  finding that Part 719 does not apply to contract administration costs incurred under the MOX Contract;

B.  awarding Plaintiff just compensation for $2,244,972.05 in incurred REA preparation costs that to which it is entitled under the MOX Contract and FAR 31.205-33;

C.  assessing any accrued interest on the amount awarded; and,

D.  granting such other and further relief as the Court deems just and proper.

Dated: August 4, 2016
Aiken, SC

Respectfully submitted,

**CB&I AREVA MOX SERVICES, LLC**

s/Noah M. Hicks II
Noah M. Hicks II
Lauren M. Wylie
P.O. Box 7097
Aiken, South Carolina 29804-7097
Telephone Number: 803.442.5339
Telefacsimile Number: 803.819.2461
Email: NMHicks@moxproject.com

*Attorneys for Plaintiff*