# In the United States Court of Federal Claims

No. 16-950C, 17-2017C, 18-35C, 18-80C, 18-522C, 18-677C, 18-691C, 18-710C
(consolidated)

(Filed:  May 23, 2018)

```
*****************************************
                                        *
CB&I AREVA MOX SERVICES, LLC,           *
                                        *
                Plaintiff,              *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                Defendant.              *
                                        *
*****************************************
```

## DISMISSAL ORDER

Plaintiff CB&I AREVA MOX Services, LLC ("MOX Services") brings this action after the Department of Energy, National Nuclear Security Administration ("NNSA" or "the Agency") implemented a change to MOX Services' property management system. See CB&I AREVA MOX Services, LLC v. United States, No. 18-35C. This complaint is one of eight currently before the Court concerning a cost-reimbursement contract ("the Contract") to construct a Mixed Oxide Fuel Fabrication Facility at the Department of Energy's Savannah River Site, near Aiken, South Carolina.  On May 15, 2018, the Court ordered the consolidation of this case and all other pending MOX Services cases under CB&I AREVA MOX Services, LLC v. United States, No. 16-950.  As MOX Services has filed additional, related cases since the initial consolidation, the Court has twice amended the consolidation order.[1]

Under the Contract, MOX Services must establish and maintain a system of internal controls to manage government property during performance.  Compl. at 2.  MOX Services' system distinguishes between two types of property: accountable government property and administratively controlled property.  Id. at 3.  According to MOX Services, the previous property management reporting thresholds were $10,000 for accountable

---

[1] While Case No. 18-35C has been consolidated under the lead MOX Services case, No. 16-950C, this order relates only to Case No. 18-35C.

government property and $500 for administratively controlled property.  Id.  MOX Services alleges that in June 2017, the Agency decreased these thresholds to $5,000 and $0, respectively, thus making a unilateral change that could negatively impact MOX Services.  Id. at 4.  As a result, MOX Services informed NNSA that it would refrain from implementing the threshold change until its impact was determined.  Id.  NNSA responded to this letter, reiterating the threshold change and demanding immediate compliance.  See Compl., Ex. A (Contracting Officer Direction to Decrease Accountable Government Property Reporting Thresholds, dated Oct. 2, 2017) ("Agency Letter").  Although MOX Services never submitted a claim about this matter, the NNSA identified the Agency Letter as a contracting officer's final decision under Federal Acquisition Regulation Subpart 33.2.  Id.  The final decision was subject to appeal within 90 days of the Agency Letter's issuance.  Id.

On January 5, 2018, MOX Services filed its Complaint with the Court, alleging that the threshold change exceeded the scope of the Contract and constituted a constructive change.  Compl. at 5-6.  On March 6, 2018, the Government filed a motion to dismiss pursuant to Rule 12(b)(1).  Dkt. No. 7.  In its motion, the Government explained that since MOX Services never submitted a claim to the contracting officer, the Court could not possess jurisdiction to hear MOX Services' claim under the Contract Disputes Act ("CDA").  Def.'s Mot. at 1.  MOX filed its response on April 3, 2018, and the Government filed its reply on April 17, 2018.  See Dkt. Nos. 9, 10.

Jurisdiction is a threshold matter to be addressed in any case.  A contracting officer's final decision on a valid claim is a prerequisite for this Court's jurisdiction over CDA claims.  See Securiforce Int'l Am., LLC v. United States, 879 F.3d 1354, 1359 (Fed. Cir. 2018).  Absent a valid claim and final decision, this Court does not possess jurisdiction.  Id.  Here, MOX Services admits that it never submitted a claim.  See Compl. at 8; see also Pl.'s Resp.at 2.  Although the Agency Letter may be considered a final decision, a valid claim submission does not exist.  Therefore, this Court does not have jurisdiction to consider MOX Services' claim regarding the property management changes.

Accordingly, the Clerk is directed to DISMISS this claim, originally filed under No. 18-35C, without prejudice.

IT IS SO ORDERED.

s/ Thomas C. Wheeler  
THOMAS C. WHEELER  
Judge
