# In the United States Court of Federal Claims

No. 16-950C, 17-2017C, 18-80C, 18-522C, 18-677C, 18-691C, 18-921C
(consolidated)

(Filed: July 9, 2018)

*************************************
                                                   *

CB&I AREVA MOX SERVICES, LLC,    *

                                         Plaintiff,    *

v.                                                          *

THE UNITED STATES,                      *

                                        Defendant.    *

*************************************

## ORDER

     On July 6, 2018, Defendant filed a motion for partial reconsideration of the Court's June 11, 2018 Opinion and Order. Defendant takes issue with the following paragraph of the June 11, 2018 decision:

> Regardless of which party is responsible for the increased costs and schedule delays, none of the contract provisions permits the NNSA to claw back provisional incentive fees before the completion of the MFFF. What is most troubling here is that the contracting officer used the denial of MOX Services' certified claim, and demand for refund of $21.6 million, as a way to gain leverage over MOX Services through baseless retaliation. The law requires contractors to certify that their claims are "made in good faith," that all "supporting data are accurate and complete to the best of the contractor's knowledge and belief," and that the amount requested "accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable." 41 U.S.C. § 7103(b) (2011). Surely, a reciprocal obligation to act in good faith applies to the government. See

> Moreland Corp. v. United States, 76 Fed. Cl. 268, 292 (2007) ("Under the Contract Disputes Act, a contracting officer's review of certified claims submitted in good faith is not intended to be a negotiating game where the agency may deny meritorious claims to gain leverage over the contractor.") The same reasoning applies where the contracting officer conjures up a baseless claim to demand immediate refund of provisional incentive fees.

(June 11, 2018 Slip. Op. at 11). Defendant contends that neither party addressed the issue of the contracting officer's intent, and therefore Defendant had no opportunity to present facts or argument on this question. Defendant asserts that the Court *sua sponte* drew its own conclusions based upon the briefs presented. Defendant in its motion for reconsideration failed to provide any indication of what its position might be.

The conclusion drawn by the Court appears reasonable and logical under the circumstances presented. When the contracting officer issues a final decision alleging a $21.6 million "clawback" with no basis whatsoever in the contract documents, the Court cannot see any alternative explanation other than the paragraph cited above.

Nevertheless, in fairness to Defendant, the Court will receive whatever facts or argument Defendant cares to offer on the question of intent within ten days, on or before July 19, 2018. Plaintiffs may have ten days, until July 30, 2018, to respond to Defendant's filing. The June 11, 2018 Opinion and Order shall remain in effect unless and until modified by the Court at a later date.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge