IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CB&I/AREVA MOX SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos. 16-950C; 17-2017C; 18-80C; |
| | ) | 18-522C; 18-677C; 18-691C; 18-921C |
| THE UNITED STATES, | ) | (Judge Thomas C. Wheeler) |
| | ) | |
| Defendant. | ) | |

<u>DEFENDANT'S ANSWER TO COMPLAINT IN NO. 18-677C</u>

For its answer to the Complaint of plaintiff CB&I/AREVA MOX Services, LLC (MOX) in Case Number 18-677C, defendant, the United States, admits, denies, and alleges as follows:

1. Admits the allegations contained in the first sentence of paragraph 1 to the extent supported by the cited claim and contracting officer's final decision, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 1. Denies the second sentence of paragraph 1.

2. The allegations contained in paragraph 2 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract and other documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in the first sentence of paragraph 8 to the extent supported by the report referenced, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 8.  The allegations contained in the remainder of paragraph 8 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in first sentence of paragraph 12.  The allegations contained in the remainder of paragraph 12 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19.[1] The allegations contained in paragraph 19 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Denies the allegations contained in the second and third sentences of paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the remainder of paragraph 23 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

---

[1] Plaintiff's complaint omits paragraphs numbered 15-18 and paragraph 20. For ease of reference, we number our paragraphs the same as the corresponding paragraph in plaintiff's complaint.

24. Admits the first sentence of paragraph 24. The allegations contained in the remainder of paragraph 24 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. Admits that the agency directed MOX to develop a 2018 execution plan. The allegations contained in the remainder of paragraph 25 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. Admits the allegations contained in the first sentence of paragraph 28 to the extent supported by the ratings and fees referenced, which are the best evidence of their contents; otherwise denies the allegations contained in first sentence of paragraph 28. The allegations contained in the remainder of paragraph 28 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. Admits the allegations contained in paragraph 31 to the extent supported by the documents cited (i.e., the December 13, 2017 Claim, REA 15-004, and REA 15-005), which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by the documents cited (i.e., the December 13, 2017 Claim and REA 15-004), which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the documents cited (i.e., the December 13, 2017 Claim, and REA 15-005), which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 33.

34. The allegations contained in paragraph 34 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. Admits the allegations contained in paragraph 36 to the extent supported by the documents cited (i.e., Section B.4 of the Contract and the Project Execution Plan), which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 36.

37. Admits the allegations contained in the first sentence of paragraph 37 to the extent supported by the referenced 2007 Project Baseline Plan, which is the best evidence of its

contents; otherwise denies the allegations contained in first sentence of paragraph 37.  Denies the allegations contained in the second sentence of paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in the remainder of paragraph 37 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. The allegations contained in paragraph 39 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. Admits the allegations contained in paragraph 40 to the extent supported by the document cited (i.e., the President's Fiscal Year 2014 Budget Submission), which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in the first two sentences of paragraph 41 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first two sentences of paragraph 41.  The allegations contained in the last sentence of paragraph 41 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. Admits the allegations contained in the first sentence of paragraph 42 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the

allegations contained in the first sentence of paragraph 42. The allegations contained in the last sentence of paragraph 42 constitutes plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

45. The allegations contained in paragraph 45 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

46. The allegations contained in paragraph 46 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

50. The allegations contained in paragraph 50 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

52. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

53. The allegations contained in paragraph 53 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. The allegations contained in paragraph 54 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

56. The allegations contained in paragraph 56 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

58. The allegation contained in paragraph 58 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

59. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

60. The allegations contained in paragraph 60 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

61. The allegations contained in paragraph 61 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62. The allegations contained in paragraph 62 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

63. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

64. The allegations contained in paragraph 64 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

65. The allegations contained in paragraph 65 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

66. The allegations contained in paragraph 66 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

67. The allegations contained in paragraph 67 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

68. Denies each and every allegation not previously admitted or otherwise qualified.

69. Denies that plaintiff is entitled to any relief set forth in the prayer for relief immediately following paragraph 67, or to any relief whatsoever.

WHEREFORE, defendant respectfully requests that the Court enter judgment in its favor, order that plaintiff's complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Allison Kidd-Miller
ALLISON KIDD-MILLER
Assistant Director

OF COUNSEL:

MARY-ELLEN NOONE
Site Counsel
Savannah River Field Office
National Nuclear Security Administrations
Building 246-F
P.O. Box A
Aiken, South Carolina, 29802

s/ Joseph E. Ashman
JOSEPH E. ASHMAN
P. DAVIS OLIVER
Senior Trial Counsel
SOSUN BAE
ANTHONY F. SCHIAVETTI
Trial Attorneys
United States Department of Justice
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel:  (202) 353-7579
Joseph.Ashman@usdoj.gov

Dated:  July 10, 2018

Attorneys for Defendant