IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CB&I/AREVA MOX SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos. 16-950C; 17-2017C; 18-80C; |
| | ) | 18-522C; 18-677C; 18-691C; 18-921C |
| THE UNITED STATES, | ) | (Judge Thomas C. Wheeler) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO COMPLAINT IN NO. 18-691C

For its answer to the Complaint of plaintiff CB&I/AREVA MOX Services, LLC (MOX) in Case Number 18-691C, defendant, the United States, admits, denies, and alleges as follows:

1. Admits the allegations contained in the first and second sentences of paragraph 1 to the extent supported by the contracting officer's final decision, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 1. The allegations contained in the third sentence of paragraph 1 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to any relief set forth in the third sentence of paragraph 1, or to any relief whatsoever.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6.   Admits the allegations contained in the first sentence of paragraph 6 to the extent supported by the Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7.   Admits the allegations contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8.   The allegations contained in paragraph 8 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9.   The allegations contained in paragraph 9 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies that MOX "has always made records related to its performance available to the Agency."

10.   Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 10.  The allegations contained in the remainder of paragraph 10 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11.   Admits the allegations contained in the first sentence of paragraph 11 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 11.  The

allegations contained in the remainder of paragraph 11 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Denies.

13. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

14. The allegations contained in paragraph 14 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied

16. The allegations contained in paragraph 16 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. Denies each and every allegation not previously admitted or otherwise qualified.

18. Denies that plaintiff is entitled to any relief set forth in the prayer for relief immediately following paragraph 16, or to any relief whatsoever.

WHEREFORE, defendant respectfully requests that the Court enter judgment in its favor, order that plaintiff's complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

| | |
|---|---|
| OF COUNSEL: | s/ Allison Kidd-Miller<br>ALLISON KIDD-MILLER<br>Assistant Director |
| MARY-ELLEN NOONE<br>Site Counsel<br>Savannah River Field Office<br>National Nuclear Security Administrations<br>Building 246-F<br>P.O. Box A<br>Aiken, South Carolina, 29802 | s/ Joseph E. Ashman<br>JOSEPH E. ASHMAN<br>P. DAVIS OLIVER<br>Senior Trial Counsel<br>SOSUN BAE<br>ANTHONY F. SCHIAVETTI<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel:  (202) 353-7579<br>Joseph.Ashman@usdoj.gov |
| Dated:  July 16, 2018 | Attorneys for Defendant |