# In the United States Court of Federal Claims

No. 16-950C, 17-2017C, 18-35C, 18-80C, 18-522C, 18-677C, 18-691C, 18-710C
(consolidated)

(Filed: September 13, 2018)

```
*************************************
                                    *
CB&I AREVA MOX SERVICES, LLC,       *
                                    *
                  Plaintiff,        *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
                  Defendant.        *
                                    *
*************************************
```

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Plaintiff in this case, CB&I AREVA MOX Services, LLC ("MOX Services"), brings this action for breach of the covenant of good faith and fair dealing against the Department of Energy, National Nuclear Security Administration. See CB&I AREVA MOX Services, LLC v. United States, No. 18-522C. This complaint is one of eight currently before the Court concerning a cost-reimbursement contract ("the Contract") to construct a Mixed Oxide Fuel Fabrication Facility at the Department of Energy's Savannah River Site, near Aiken, South Carolina ("the Facility"). On May 15, 2018, the Court ordered the consolidation of this case and all other pending MOX Services cases under CB&I AREVA MOX Services, LLC v. United States, No. 16-950C. As MOX Services has filed additional, related cases since the initial consolidation, the Court has twice amended the consolidation order.[1]

In the complaint, Plaintiff asserts that the Contract was carved into three discrete parts: Option 1, Option 2, and Option 3. Each option relates to a different stage in the Facility's life-cycle. Plaintiff claims that while performing Option 1, the Government asked to initiate Option 2 ahead of schedule. To facilitate Option 2's early commencement, the parties executed Modification A124 to the Contract which increased MOX Services'

---

[1] While Case No. 18-522C has been consolidated under the lead MOX Services case, No. 16-950C, this order relates only to Case No. 18-522C.

total fees from 6% to 7%. Later, the parties superseded Modification A124 with Modification 183 which altered the payment structure of that additional 1% fee. Instead of receiving the full percentage point at once, MOX Services immediately received a .75% increase and a subsequent .25% increase due after the Government definitized Option 2. The Government never definitized Option 2. Plaintiff alleges that the Contract's language cabined the Government's discretion to definitize Option 2 and by failing to do so, the Government breached its duty of good faith and fair dealing.

In response, the Government argues that, assuming all facts recited in the complaint to be true, they are not required to definitize Option 2 and Plaintiff is not entitled to the .25% fee increase. Defendant maintains that it holds the unilateral right whether to exercise the option to definitize Option 2. Defendant claims that since it is under no obligation to definitize Option 2, Defendant's refusal to do so did not constitute a lack of good faith and fair dealing.

In reviewing a Rule 12(b)(6) motion to dismiss, the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences" in favor of the nonmoving party. Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff needs to provide only "'a short and plain statement of the claim,'" to establish a plausible claim to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atl. Corp., 550 U.S. at 555, meeting the plausibility standard should not bring about the "collapse [of] discovery, summary judgment and trial into the pleading stages of a case." Petro-Hunt, LLC v. United States, 90 Fed. Cl. 51, 71 (2009). Accepting as true Plaintiff's factual allegations asserted thus far, the Court finds that Plaintiff has articulated a plausible claim to relief based on the alleged actions taken against Plaintiff by the United States.

Based upon the foregoing, the Government's motion to dismiss is DENIED. The case shall continue according to the current schedule.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge

2