# In the United States Court of Federal Claims

No. 16-950C, 17-2017C, 18-80C, 18-522C, 18-677C, 18-691C, 18-921C
(consolidated)

(Filed:  November 9, 2018)

*******************************************  \*
                                           \*
CB&I AREVA MOX SERVICES, LLC,               \*
                                           \*
                      Plaintiffs,           \*          Motion for Summary
                                           \*          Judgment; Rule 56;
v.                                          \*          Notice of Intent to
                                           \*          Disallow Costs; Remand
THE UNITED STATES,                          \*          to Agency.
                                           \*
                      Defendant.            \*
                                           \*
*******************************************  \*

*Mark J. Linderman*, with whom were *Dennis J. Callahan*, and *Stephen L. Bacon*, Rogers Joseph O'Donnell, P.C., San Francisco, California, *W. Brad English*, *J. Andrew Watson, III*, *Jon D. Levin*, *Noah M. Hicks, II*, *Emily J. Chancey*, and *Michael W. Rich*, Maynard, Cooper & Gale, P.C., Huntsville, Alabama, and *Paul A. Debolt*, *Emily A. Unnasch*, *Christopher G. Griesedieck*, and *Chelsea B. Knudson*, Venable LLP, Washington, D.C., for Plaintiff.

*Joseph Ashman* and *P. Davis Oliver,* Senior Trial Counsel, with whom were *Chad A. Readler*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Allison Kidd-Miller*, Assistant Director, *Sosun Bae* and *Anthony Schiavetti*, Trial Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., and *Mary-Ellen Noone*, Site Counsel, Savannah River Field Office, National Nuclear Security Administration, Aiken, South Carolina, for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

Plaintiff CB&I AREVA MOX Services, LLC ("MOX Services") seeks payment for withheld costs after Defendant discovered that certain subcontractor employees received salary increases, thereby increasing their billing rates to the Government under the contract

at issue.  Currently before the Court is Plaintiff's motion for partial summary judgment in case number 18-921C, one of the consolidated actions arising from the same contract and construction project near Aiken, South Carolina.  MOX Services claims that the Government's withholdings are arbitrary and punitive, and did not follow proper procedure.  The Government argues that its withholdings were reasonable because it never received sufficient information to justify the salary increases, and that it gave proper notice of its intent to disallow these costs.  For the reasons explained below, the Court GRANTS Plaintiff's motion for partial summary judgment because the undisputed facts show that the Government failed to follow mandatory procedures for noticing a disallowance, and REMANDS this dispute to the Agency to determine the total additional costs to be paid to Plaintiff.

<u>Background</u>

Nearly two decades ago, the Department of Energy, National Nuclear Security Administration ("NNSA" or "the Agency") awarded a contract for the design, construction, and operation of a Mixed-Oxide Fuel Fabrication Facility at the Savannah River Nuclear Site located near Aiken, South Carolina to MOX Services' predecessor in interest, Duke, Cogema, Stone & Webster, LLC.  The contract follows a "cost reimbursement" model where NNSA pays MOX Services for allowable costs that MOX Services incurs in performing its contractual obligations.  However, MOX Services itself is an unpopulated entity.  It has no employees and does not directly perform any services.  All of its services are performed by subcontractors.  CB&I Project Services Group ("CPSG") is a principal subcontractor as well as MOX Services' parent company.  MOX Services is CPSG's only client; this contract is CPSG's only project.

In 2015, CPSG engaged in an employee "re-slotting" process, an extensive overhaul of its employees' titles, duties, and, in some cases, compensation.  CPSG first created new titles and position descriptions, then placed nearly all of its "non-craft" (non-union) workforce of 863 employees into one of these new positions.  Second, CPSG reviewed compensation for these re-slotted employees, and it chose to increase salaries for 55 of the 863 employees.  In line with this pay increase, CPSG increased these 55 employees' billable rates charged to the Government.

Billing under the contract involves two steps.  For each billing period, CPSG forwards vouchers to MOX Services that detail which employees worked during that period, their number of hours worked, and their billing rate.  MOX Services then submits CPSG's vouchers (along with those from all other subcontractors) to NNSA as part of MOX Services' bi-weekly billing package.  Therefore, while NNSA had the rates and hours from which it could calculate the increases, CPSG did not notify NNSA that it re-slotted and increased salaries for certain employees at the time those changes were made.

In April 2016, the Agency conducted a non-craft labor verification for this project and noticed that the billing rates for two employees had changed. NNSA asked MOX Services to explain and justify the billing rate increases. MOX Services told the Agency about the re-slotting and salary increases, and by May 2017, MOX Services had forwarded information to NNSA that MOX Services believed would confirm the scope of the re-slotting and support the decision to re-slot and increase pay for certain employees. NNSA thought otherwise. On October 6, 2017, the Agency notified MOX Services through the invoice review process that the previously presented information was insufficient and that further supporting materials needed to be submitted to facilitate a cost-allowability decision. NNSA alerted MOX Services that if this additional documentation was not provided by October 12, 2017, the Agency would take "appropriate action . . . to protect the Government's interest." This protection ultimately came in the form of withholding 2 percent of the total direct non-craft labor expenses starting with those costs beginning on October 16, 2017 and continuing through the May 27, 2018 billing cycle. The Agency withheld $1,142,112.00 as of the May 27 cycle. It has withheld additional costs since that period.

## Procedural History

On March 1, 2018, MOX Services submitted a certified claim to NNSA for payment of withheld costs and requested that a final decision be issued within 60 days. Approximately two months later, the Agency notified MOX Services that its failure to provide the requested records constituted a breach of the contract and made a decision within 60 days impossible. In response, MOX Services filed its first appeal with this Court on May 18, 2018. That claim was voluntarily dismissed on June 19, 2018, predicated on the understanding that the Agency would issue a decision shortly after dismissal. On June 26, 2018, the Agency denied MOX Services' claim. MOX Services' appeal of that decision is now before the court.

Plaintiff filed its complaint for case number 18-921C in this Court on June 27, 2018. Plaintiff then moved for partial summary judgment on July 13, 2018. Defendant filed its response on August 10, 2018, and Plaintiff filed its reply on August 24, 2018. The Court heard oral argument on Plaintiff's motion on September 11, 2018. Believing that the parties over time had exchanged enough information to resolve this dispute voluntarily, the Court directed counsel to attempt to reach an agreement on this matter without the Court's involvement. However, these efforts were not successful, and counsel recently informed the Court that the parties had reached an impasse.

Discussion

I.     Standard of Review

       a.   Motion for Summary Judgment

Summary judgment is appropriate where "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." RCFC 56(a). A fact is "material" if it might significantly alter the outcome of the case under the governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of showing that there exists no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment will not be granted if the "evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The Court's function is not to weigh the evidence and determine the merits of the case presented, but to determine whether there is a genuine issue of material fact for trial. Id. at 249; see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

       b.   Disallowance Procedure

Disallowance is the official process by which a contracting officer challenges the allowability of costs that a contractor submits for payment. 48 C.F.R. § 42.801. The Department of Energy mandates that in reviewing cost-allowability, the contracting officer must first "[h]old informal discussion[s] with the contractor as appropriate." 48 C.F.R. § 942.803(a)(1). In order to disallow costs, a contracting officer must provide the contractor with some official notice of his or her intent to disallow the disputed amount. § 942.803(a)(2) ("the contracting officer, *shall*: . . . Issue a notice (letter, memo, etc.) to the contractor advising of cost disallowed or to be disallowed") (emphasis added). Notice can come either before the deduction is made or at the time of disallowance. § 942.803(a)(2)-(3).[1] Agencies must follow such regulations in administering contracts. See Spherix, Inc. v. United States, 58 Fed. Cl. 351, 355-56 (2003).

II.    Analysis

       a.   Notice of the Agency's Intent to Disallow

MOX Services argues that the Agency never issued proper notice of its intent to disallow. NNSA disagrees. The Agency claims that notice was given on October 6, 2017

---

[1] The Court agrees with Plaintiff that 48 C.F.R. § 42.801 also requires a contracting officer to issue notice. Section 42.801's use of "may" does not provide the contracting officer with the discretion to issue a notice of intent to disallow. Rather, it affords the contracting officer discretion whether to initiate the disallowance process. Once the contracting officer heads down this path, notice must be afforded. However, resolution of this ambiguity is not essential to the judgment in light of 48 C.F.R. § 942.803's clearer language.

when NNSA "notified MOX Services in writing through the invoice review process that supporting data to facilitate NNSA's determination of cost allowability . . . was required . . . or appropriate action would be taken to protect the Government's interest." Nyman Decl. at ¶ 18. Curiously, neither party submitted this writing to the Court.

MOX Services successfully argues that this writing merely warned MOX Services that the Agency intended to withhold costs pending further investigation, and it did not constitute notice of NNSA's intent to disallow costs as required by section 942.803. NNSA establishes only that it told MOX Services that the Agency would take "appropriate action . . . to protect the Government's interest." The imprecise phrase "appropriate action" does not convey to MOX Services that NNSA intended to disallow costs. Indeed, the word "disallow" or other language indicating an intent to disallow does not appear in that writing. The writing instead seems more characteristic of what one might expect to see during the pre-notice "informal discussion" period. The Agency points to no other written communication as constituting notice of its intent to disallow costs.

Moreover, the Agency has not offered any evidence that this October 6 writing contained any of the other required elements of notice outlined in subsections 942.803(a)(2)(i)-(ii). Since this writing did not meet the required conditions outlined in section 942.803, it is not a notice of disallowance. As MOX Services points out, no notice was ever issued, and therefore NNSA cannot be said to have disallowed these costs.

### b. Remand Authority

The Tucker Act grants this Court jurisdiction to remand a dispute back to an agency. See 29 U.S.C. § 1491(a)(2). Pursuant to Rule 52.2 of the Court's Rules, this matter shall be remanded to the Agency for a period of 32 days. During this time, the Agency shall determine the remainder of costs withheld from MOX Services since the May 27, 2018 billing period and shall pay MOX Services that amount in addition to the $1,142,112.00 awarded herein. The Agency shall notify the Court of its decision and payment on or before December 11, 2018.

### Conclusion

For the reasons stated above, the Court GRANTS Plaintiff's motion for partial summary judgment in case 18-921C and REMANDS this case to the Agency. Plaintiff is awarded $1,142,112.00 plus the additional amount determined on remand.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge