# In the United States Court of Federal Claims

No. 16-950C, 17-2017C, 18-522C, 18-677C, 18-691C, 18-921C, 18-1779C
(consolidated)

(Filed: January 28, 2019)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CB&I AREVA MOX SERVICES, LLC, | * * | Motion for Reconsideration; RCFC 54(b), 58, 59(a); Fed. R. Civ. Pro. 54(b), 58, 59(a); Final Judgment; Mootness; Waiver; Right to Appeal; Voluntary Settlement; 28 U.S.C. § 2517; Judgment Payment Statute; 31 U.S.C. § 1304; Contract Disputes Act; 41 U.S.C. § 708(a) |
| Plaintiff, | * | |
| v. | * * | |
| THE UNITED STATES, | * * | |
| Defendant. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Mark J. Linderman*, with whom were *Dennis J. Callahan*, *Lisa N. Himes*, and *Stephen L. Bacon*, Rogers Joseph O'Donnell, P.C., San Francisco, California, *W. Brad English*, *J. Andrew Watson, III*, *Jon D. Levin*, *Noah M. Hicks, II*, and *Emily J. Chancey*, Maynard, Cooper & Gale, P.C., Huntsville, Alabama, and *Paul A. Debolt*, *Emily A. Unnasch*, *Christopher G. Griesedieck*, and *Chelsea B. Knudson*, Venable LLP, Washington, D.C., for Plaintiff.

*Joseph Ashman* and *P. Davis Oliver,* Senior Trial Counsel*,* with whom were *Joseph H. Hunt*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Allison Kidd-Miller*, Assistant Director, and *Anthony Schiavetti*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C for Defendant.

OPINION AND ORDER

WHEELER, Judge.

On December 3, 2018, the Government filed a motion for partial reconsideration of the Court's November 9, 2018 Opinion and Order ("November Order"), Dkt. No. 135, granting partial summary judgment to CB&I AREVA MOX Services, LLC ("MOX") in Case No. 18-921 and directing the National Nuclear Security Administration ("NNSA") to pay, by December 11, 2018, $1,142,122.00, and other contract costs it withheld from MOX since May 2018.

The Government argues that the Court never entered a final judgment on its November Order and that the judgment payment statute, 28 U.S.C. § 2517, bars the Court from ordering the Government to pay any amount unless the Court enters a final judgment. The Government asks the Court to remove Case No. 18-921 from the rest of MOX's consolidated cases and to enter a final judgment in it for $1,256,675.36.[1] MOX argues that the motion is moot because NNSA already paid MOX that amount and, alternatively, because the November Order is a final judgment. For the following reasons, the Government's motion is GRANTED.

Background

This dispute stems from NNSA's contract with MOX for the design, construction, and operation of a Mixed-Oxide Fuel Fabrication Facility near Aiken, South Carolina. In 2015, MOX's subcontractor increased salaries for 55 employees working on the project. Under MOX's contract, NNSA would end up paying for the cost of the salary increases. NNSA objected and claims that it properly informed MOX that it would disallow the cost of the raises. NNSA then withheld payment for these costs.

MOX brought a series of contract and cost-withholding claims against the Government, including one to recover the cost of the salary increases, docketed as Case No. 18-921C. The Court consolidated the cases for efficiency reasons. On July 13, 2018, MOX moved for partial summary judgment in Case No.18-921, arguing that NNSA never issued proper notice of its intent to disallow the salary increase costs.

The Court agreed with MOX and concluded that "no notice [of disallowance] was ever issued, and therefore NNSA cannot be said to have disallowed these costs." November Order at 5. The Court granted MOX's motion for partial summary judgment and remanded to NNSA to calculate the remaining salary costs it withheld from MOX since May 2018. The Court awarded MOX $1,142,122.00, plus the amount to be determined on remand. The Clerk of Court did not formally enter a judgment.

On December 3, 2018, the Government filed its motion for partial reconsideration asking the Court to enter a final judgment. On December 11, 2018, the Government filed a notice informing the Court that NNSA owed MOX a total of $1,256,675.36 and that it had paid MOX that amount. Dkt. No. 145. MOX filed its response on December 18, 2018.

---

[1] The Government requests entry of judgment for $1,448,119.10. Dkt. No. 143 at 2. However, the Government's notice of remand determination indicated that NNSA owed MOX $1,256,675.36. Dkt. No. 145. NNSA calculated on remand that it owed MOX an additional $306,007.10, but $191,443.74 of this was accounted for in the November Order, resulting in an award amount of $1,142,122.00, plus $114,563.36, for a total of $1,256,675.36. Furthermore, according to the notice, NNSA paid MOX $1,256,675.36. Therefore, the Court will accept this figure.

Analysis

In opposing the Government's motion, MOX argues "that [NNSA] recognized the Order as a final judgment, which it then satisfied; or that [NNSA] voluntarily settled this case by paying the amount" that the Court ordered; so either way the Government's motion is moot. Pl. Resp. at 2-3.

The Court will address: (1) whether the November Order was a final judgment; (2) whether NNSA voluntarily settled the case; and (3) the Government's request that the Court sever Case No. 18-921 from the consolidated cases and enter a final judgment.

I.  The November Order Was Not a Final Judgment.

"A final decision ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Hall v. Hall, 138 S. Ct. 1118, 1123-24 (2018) (quotation omitted). Where a court ends litigation on the merits, how the court labels the order does not control the order's finality. See Sullivan v. Finkelstein, 496 U.S. 617, 628 n.7 (1990) (citation omitted). Even where a court consolidates cases, the "constituent cases retain their separate identities at least to the extent that a final decision in one is immediately appealable." Hall, 138 S. Ct. at 1131.

A grant of partial summary judgment is not a final judgment unless the Court certifies it under Rule of the Court of Federal Claims ("RCFC") 54(b). See Aleut Tribe v. United States, 702 F.2d 1015, 1020 (Fed. Cir. 1983) (applying Fed. R. Civ. Pro. 54(b), which mirrors RCFC 54(b)). The Court must make an "express direction for the entry of judgment" and an "express determination that there is no just reason for delay." Id. (quotation omitted). Further, most judgments "are not effective until set out in a separate document—e.g., an official judgment—and entered by the clerk of the court." Taylor Brands, LLC v. GB II Corp., 627 F.3d 874, 877 (Fed. Cir. 2010) (quotation omitted). RCFC 58(a) requires a separate document for "[e]very judgment" except for amendments under RCFC 52(b), fees under RCFC 54, and relief under RCFC 59 and RCFC 60.

MOX argues that the November Order is a final judgment because it resolved Case No. 18-921 on the merits. But the November Order did not adhere to the procedural rules for partial final judgments. The Court did not certify the November Order as a final judgment under RCFC 54(b). The Court did not direct the clerk to enter final judgment and did not expressly determine that there was no just reason for delay. And the clerk of the court did not enter a judgment set out in a separate document.

In MOX's view, following the procedural rules governing partial final judgments is not necessary to reach a final judgment. MOX implies that because the Government allegedly "recognized the Order as a final judgment" and "satisfied" it, RCFC 54(b) and RCFC 58(a) no longer apply. But the rules are clear, and the Court sees no reason to ignore them. Therefore, the November Order was not a final judgment.

II.     NNSA Did Not Voluntarily Settle.

Whether the parties voluntarily settled depends on their "objective manifestations of intent." Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 518 F.3d 1302, 1307 (11th Cir. 2008) (citations omitted). That the losing party paid the judgment is not enough. See Gadsden v. Fripp, 330 F.2d 545, 548 (4th Cir. 1964). The parties must intend "to bring the litigation to a definite conclusion, id., and consent to the substance of the settlement, Taylor Brands, LLC, 627 F.3d at 878. A party does not intend to settle if it acts under the "actual or implied compulsion of judicial power." Out of Line Sports, Inc. v. Rollerblade, Inc., 213 F.3d 500, 502 (10th Cir. 2000) (citation omitted).

MOX argues that the Government "voluntarily settled . . . by paying the amount" ordered. The Court disagrees. The Government showed no intent to settle this case. The Government's payment was not voluntary; the Court ordered the Government to pay MOX. Further, the Government filed its motion for partial reconsideration before the payment deadline—strong evidence that it did not want to give up Case No. 18-921 on the merits. Clearly, the Government did not voluntarily settle this case.

III.    The Government's Prayer for Relief

Because the November Order was not a final judgment and because the Government did not settle Case No. 18-921, the Government's motion is not moot for either of those reasons. The Court now addresses the Government's motion and prayer for relief: Remove Case No. 18-921 from the consolidated cases and enter final judgment for $1,256,675.36.

### A.     Motion for Partial Reconsideration

A motion for reconsideration (1) "must be based on a manifest error of law or mistake of fact" and (2) "must show . . . that the motion is necessary to prevent manifest injustice." Griswold v. United States, 61 Fed. Cl. 458, 460-61 (2004) (quotations and citations omitted). Injustice is "manifest" if it is "clearly apparent or obvious." Englewood Terrace Ltd. P'ship v. United States, 86 Fed. Cl. 720, 725 (2009).

The November Order contained a manifest error because it ended Case No. 18-921 on the merits and required payment but did not certify a final judgment pursuant to RCFC 54(b). The judgment payment statute, 28 U.S.C. § 2517(a), and the Contract Disputes Act, 41 U.S.C. § 708(a) and 31 U.S.C. § 1304(a), provide for payments of "final judgment[s]" rendered by the Court of Federal Claims against the United States. No provision permits the Government to disperse funds where the Court has resolved a case on the merits and ordered payment but has not entered a final judgment. See Christian v. United States, 49 Fed. Cl. 720, 727 (2001), rev'd in part on other grounds, 337 F.3d 1228 (Fed. Cir. 2003).

If the Court does not grant the motion for reconsideration, MOX would retain the $1,256,675.36 until the other claims reach final judgment and appeal. Cf. Am. Sav. Bank,

4

F.A. v. United States, 83 Fed. Cl. 555, 559 (2018) ("[I]f partial judgment is not awarded, it is as if [one party] is receiving an interest free loan on behalf of [the other party]."). It would also significantly delay the Government's right to appeal the November Order. MOX benefited from immediate payment upon partial summary judgment; the Government should benefit from an immediate appeal of the already-paid award. For these reasons, the Government has met its burden of showing manifest error and manifest injustice for partial reconsideration of the November Order.

### B.   Directing Final Judgment in Case No. 18-921

Because the Court never certified a final judgment under RCFC 54(b), any court-ordered Government payment to MOX violates 28 U.S.C. § 2517(a) and 31 U.S.C. § 1304(a), through 41 U.S.C. § 708(a). Therefore, the payment is invalid unless the judgment in Case No. 18-921 is certified as final.

To certify a partial summary judgment as final, "[t]he trial judge must make (1) an express determination that there is no just reason for delay, and (2) an express direction for the entry of judgment." Aleut Tribe, 702 F.2d at 1020. To determine whether there is "no just reason for delay," courts consider whether the claims are separable and whether the appellate court would have to decide the same issue more than once. W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc., 975 F.2d 858, 862 (Fed. Cir. 1992) (quotation omitted).

Case No. 18-921 is one of a plethora of MOX's contract claims and is procedurally like the others. However, the Court has fully adjudicated MOX's claim on cost reimbursement for salary increases, and the Government has paid MOX the ordered amount. Case No. 18-921 and MOX's remaining claims have no impact on each other.[2] Therefore, there is no just reason to delay final judgment on this discrete issue.

### Conclusion

For the reasons set forth above, the Court GRANTS the Government's motion for partial reconsideration. The Court directs the Clerk of Court to remove Case No. 18-921 from the cases consolidated under Case No. 16-950 and to enter final judgment in Case No. 18-921 for $1,256,675.36—the sum NNSA paid MOX on December 11, 2018.

Finally, in its response to the Government's motion for partial reconsideration, MOX included a demand for $30,186.30 in additional interest pursuant to 41 U.S.C. § 7109. The Court will order the Government to respond to this demand by a later date to be

---

[2] See remaining cases: No. 16-950C (claim for equitable adjustment preparation costs); No. 17-2017 (variety of disallowed costs claims not impacting employee salary increase costs); No. 18-677 (breach of contract claims, breach of duty of good faith and fair dealing, constructive acceleration); No. 18-522 (breach of duty of good faith and fair dealing); 18-691 (declaratory relief with respect to government-owned records); 18-1779 (disallowance of a subcontractor employee's travel costs).

determined after Congress restores appropriations for the Department of Justice. If the Court decides to award MOX the additional amount, the Court will clarify this final judgment pursuant to RCFC 60.

    IT IS SO ORDERED.

s/ Thomas C. Wheeler  
THOMAS C. WHEELER  
Judge
