IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CB&I AREVA MOX SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos. 16-950C, 17-2017C, 18-80C, |
| | ) | 18-522C, 18-677C, 18-691C, 18-921C, |
| | ) | 18-1779C |
| THE UNITED STATES, | ) | (Judge Thomas C. Wheeler) |
| | ) | |
| Defendant. | ) | |

## ANSWER

For its answer to the complaint in No. 18-1779, defendant admits, denies, and alleges as follows:

1. Admits the allegations contained in the second sentence of paragraph 1 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its contents; otherwise denies the allegations. The remaining allegations contained in paragraph 1 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegation contained in paragraph 2 constitutes a conclusion of law to which no answer is required.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations.

6. Admits the allegations contained in the first sentence of paragraph 6 to the extent supported by the contract and subcontract cited, which are the best evidence of their contents;

otherwise denies the allegations. Denies the allegations contained in the second sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Admits the allegation contained in the first sentence of paragraph 7. The remaining allegations contained in paragraph 7 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Denies the allegations contained in the first sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth. The remaining allegations contained in paragraph 8 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegation contained in the first sentence of paragraph 10 that MOX Services began having Mr. Lynch travel to Aiken in 2009; denies the remaining allegations contained in the first sentence of paragraph 10. Avers that Mr. Lynch's assignment was terminated on June 30, 2017. Admits the allegations contained in the second sentence of paragraph 10.

11. Admits the allegation contained in the first sentence of paragraph 11 that MOX Services billed Mr. Lynch's travel costs to the agency; denies the remaining allegations contained in the first sentence of paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 11; avers that the agency reimbursed the costs until January of 2016.

12. Admits the allegations contained in the first and second sentences of paragraph 12 to the extent supported by the notice cited, which is the best evidence of its contents; otherwise denies the allegations. Denies the allegation contained in the third sentence of paragraph 12 that the agency began withholding amounts from MOX Services's invoices following the notice's issuance; avers that the agency began withholding amounts associated with Mr. Lynch's travel costs on January 27, 2016. The remaining allegations contained in the third sentence of paragraph 12 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. Admits the allegations contained in paragraph 13 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies.

14. Admits the allegations contained in paragraph 14 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its contents; otherwise denies.

15. Admits.

16. Defendant's responses to paragraphs 1 through 15 are incorporated by reference.

17. Admits.

18. Admits the allegation contained in the second sentence of paragraph 18 that the contract incorporated FAR 31.205-46 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies. The remaining allegations contained in paragraph 18 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. Denies the allegations contained in the first and second sentence of paragraph 20. The remaining allegations contained in paragraph 20 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. Defendant's responses to paragraphs 1 through 21 are incorporated by reference.

23. The allegation contained in paragraph 23 constitutes a characterization of plaintiff's case to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

24. The allegations contained in paragraph 24 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26.[1] The allegation contained in paragraph 26 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

---

[1] MOX Services numbered this paragraph as paragraph 22 in its complaint.

27. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 26, or to any relief whatsoever.

28. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

                                                Respectfully submitted,

                                                JOSEPH H. HUNT
                                                Assistant Attorney General

                                                ROBERT E. KIRSCHMAN, JR.
                                                Director

OF COUNSEL                                 s/Allison Kidd-Miller
                                                ALLISON KIDD-MILLER
MARY-ELLEN NOONE                      Assistant Director
Site Counsel
Savannah River Field Office              s/Joseph E. Ashman
National Nuclear Security                  JOSEPH E. ASHMAN
Administrations                             P. DAVIS OLIVER
Building 246-F                                 Senior Trial Counsel
P.O. Box A
Aiken, South Carolina, 29802           SOSUN BAE
                                                ANTHONY F. SCHIAVETTI
                                                Trial Attorneys
                                                United States Department of Justice
                                                Civil Division
                                                P.O. Box 480
                                                Ben Franklin Station
                                                Washington, D.C. 20044
                                                Tel: (202) 353-7579
                                                Fax: (202) 514-8624
DATE: February 13, 2019                 Joseph.Ashman@usdoj.gov