IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CB&I AREVA MOX SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos. 16-950C, 17-2017C, 18-80C, |
| | ) | 18-522C, 18-677C, 18-691C, 18-921C, |
| | ) | 18-1779C; 19-245C |
| THE UNITED STATES, | ) | (Judge Thomas C. Wheeler) |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S ANSWER AND COUNTERCLAIM IN CASE NO. 19-245C</u>**

For its answer to the complaint in No. 19-245C, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in the first sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 1.

2. Admits.

3. Admits the allegations contained in the first sentence of paragraph 3 to the extent supported by the consolidated cases, pleadings and contract cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 3. Admits the allegations contained in the second, third, fourth and sixth sentences of paragraph 3. The allegations contained in the fifth sentence constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in the first and second sentences of paragraph 4 to the extent supported by the COFD cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 4. Denies the allegations contained in the third sentence of paragraph 4. The remaining allegations contained in paragraph 4 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in the first sentence of paragraph 6. Denies the allegations contained in the second sentence of paragraph 6.

7. Admits the allegations contained in the first and second sentences of paragraph 7. Denies the allegations contained in the third sentence of paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the OGI File No. 15-0061C referral, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Denies the allegation contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to its truth.

10. Admits the allegations contained in paragraph 10 to the extent supported by the NNSA Assessment Report, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the NNSA Assessment Report, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12.     The allegations contained in paragraph 12 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13.     The allegations contained in paragraph 13 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14.     The allegations contained in paragraph 14 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15.     The allegations contained in paragraph 15 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16.     Admits the allegations contained in the first and fifth sentences of paragraph 16. The remaining allegations contained in paragraph 16 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17.     Admits the allegations contained in the first sentence and footnote of paragraph 17 to the extent supported by the NID, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence and footnote of paragraph 17. The remaining allegations contained in paragraph 17 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. Admits the allegations contained in the first sentence of paragraph 18 to the extent supported by the NID, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 18. The allegations contained in the second and third sentences of paragraph 18 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. Admits the allegations contained in the first, second and third sentences of paragraph 19 to the extent supported by the NID, which is the best evidence of its contents; otherwise denies the allegations contained in first, second and third sentences of paragraph 19. The allegations contained in the fourth sentence of paragraph 19 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. Admits the allegations contained in the first sentence of paragraph 20 to the extent supported by the NID, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 20. Admits the allegations contained in the second sentence of paragraph 20 to the extent supported by the COFD, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 20. The allegations contained in the third sentence of paragraph 20 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. Admits the allegations contained in the first and second sentences of paragraph 21 to the extent supported by the correspondence cited therein, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of

paragraph 21. The allegations contained in the third and fifth sentences of paragraph 21 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact they are denied. Admits the allegations contained in the fourth sentence of paragraph 21 to the extent supported by contract clause H.14, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 21. Admits the allegations contained in the sixth sentence of paragraph 21 to the extent supported by the NID, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 21

22. The allegations contained in paragraph 22 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Admits the allegations contained in the first sentence of paragraph 23 to the extent supported by the correspondence cited therein, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 23. Admits the allegations contained in the second sentence of paragraph 23 to the extent supported by the NID, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 23. The allegations contained in the third sentence of paragraph 23 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. Denies the first and second sentences of paragraph 24. Admits the allegations contained in the third and fifth sentences of paragraph 24 to the extent supported by the correspondence cited therein, which is the best evidence of its contents, otherwise denies the allegations contained in the third and fifth sentences of paragraph 24. Admits the allegations

contained in the fourth sentence of paragraph 24 to the extent supported by FAR 42.801(c)(3), which is the best evidence of its contents, otherwise denies the allegations contained in the fourth sentence of paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the letter dated May 31, 2017, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in the first, second, third and sixth sentences of paragraph 26 to the extent supported by the letter dated June 12, 2017, which is the best evidence of its contents; otherwise denies the allegations contained in the first, second, third, and sixth sentences of paragraph 26. The allegations contained in the fourth and fifth sentences of paragraph 26 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. Admits the allegations contained in the first sentence of paragraph 27 to the extent supported by the letter dated June 12, 2017, which is the best evidence of its contents, otherwise denies the allegations contained in the first sentence of paragraph 27. Admits the allegations contained in the second sentence of paragraph 27 to the extent supported by the OIG Report, dated May 19, 2017, which is the best evidence of its contents, otherwise denies the allegations contained in the second sentence of paragraph 27. Admits the allegations contained in the third sentence of paragraph 27 to the extent supported by the contracting officer's correspondence cited therein, which is the best evidence of its contents, otherwise denies the allegations contained in the third sentence of paragraph 27. The allegations contained in the fourth, fifth and seventh sentences of paragraph 27 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations

of fact, they are denied. Admits the allegations contained in the sixth sentence of paragraph 27 to the extent cited by the NID, which is the best evidence of its contents, otherwise denies the allegations contained in the sixth sentence of paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the COFD, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. Admits the allegations contained in the first sentence of paragraph 29 to the extent supported by the contract, which is the best evidence of its contents, otherwise denies the allegations contained in the first sentence of paragraph 29. The allegations contained in the second and third sentences of paragraph 29 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. Admits the allegations contained in the first, third, fourth and fifth sentences of paragraph 31 to the extent supported by the COFD, which is the best evidence of its contents; otherwise denies the allegations contained the first, third, fourth, and fifth sentences of paragraph 31. The allegations contained in the second and seventh sentences of paragraph 31 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. Admits the allegations contained in the first and second sentences of paragraph 32 to the extent supported by the COFD, which is the best evidence of its contents; otherwise denies

the allegations contained in the first and second sentences of paragraph 32. The allegations contained in the third sentence of paragraph 32 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. Admits the allegations contained in the first and second sentences of paragraph 33 to the extent supported by the COFD, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 33. Denies the allegations contained in the third and fourth sentences of paragraph 33.

34. Admits the allegations in the first clause of the first sentence of paragraph 34 to the extent supported by the COFD, which is the best evidence of its contents; otherwise denies the allegations contained in the first clause of the first sentence of paragraph 34. The allegations contained in the remainder of paragraph 34 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. Admits the allegations contained in paragraph 35 to the extent supported by the COFD, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the Addendum to the COFD, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. Admits the allegations contained in the first sentence of paragraph 37 to the extent supported by the correspondence cited therein, which is the best evidence of its contents;

otherwise denies the allegations contained in the first sentence of paragraph 37. Admits the allegation contained in the second sentence of paragraph 37.

38. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

39. The allegations contained in paragraph 39 constitute conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 constitute conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

45. Admits the first sentence of paragraph 45. The allegations contained in the second sentence of paragraph 45 constitute plaintiff's characterization of its case and conclusions

of law to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied.

46. Denies each and every allegation not previously admitted or otherwise qualified.

47. Denies that plaintiff is entitled to any relief set forth in the prayer for relief immediately following paragraph 45, or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the Complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

## DEFENDANT'S COUNTERCLAIM

1. This counterclaim arises under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101 *et seq.*, because the claim arises from the same operative facts as plaintiff's claims and involves the same costs. The Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1503, 2508, and 41 U.S.C. § 7103.  The claim asserted below is the subject of a final decision by the contracting officer.

2. Defendant and counterclaim plaintiff is the United States Department of Energy, acting by and through the National Nuclear Security Administration (NNSA).

3. Plaintiff and counterclaim defendant is CB&I AREVA MOX Services, LLC (MOX Services).

4. On March 22, 1999, the NNSA awarded Contract No. DE-AC02-99CH10888 (the contract) for construction of a mixed oxide fuel facility (MFFF) at the Savannah River Site in Aiken, South Carolina.  The contract was originally awarded to Duke, Cogema, Stone & Webster, LLC.

10

5.     The contract calls for the reimbursement of MOX Services's costs when they are reasonable, allowable, and allocable to the contract.

6.     On December 3, 2014, NNSA received a management referral from DOE's Office of Inspector General (OIG) asserting that electrical work performed by MOX Services at the MFFF was not being performed in accordance with specifications, causing the work to be repeatedly removed and installed again, resulting in a waste of Government funds. The referral centered on the installation of cable trays and conduit at the MFFF.

7.     After receiving the OIG management referral, NNSA conducted an assessment of the electrical work in question. The assessor was an NNSA employee with subject matter expertise in electrical engineering and installations. The assessment substantiated the allegations contained in the management referral.

8.     Based on the assessor's conclusions, on March 26, 2017, NNSA issued a Notice of Intent to Disallow Costs (NOI) in the amount of $526,895. The NOI found that MOX Services failed to follow proper procedures to ensure the work in question met contractual quality requirements, knew or should have known of the failure, and knew or should have known that the failure would necessitate corrective action.

9.     On April 26, 2017, MOX Services responded to NNSA's NOI, disputing the NNSA assessor's conclusions. After receiving MOX Services's response, NNSA conducted a supplemental assessment of the electrical rework at issue.

10.    NNSA reviewed MOX Services's Condition Reports (CR) and Non-Conformance Report (NCR) as part of the supplemental assessment. These reports determined MOX Services's self-imposed schedule pressure to be the root cause of the nonconforming electrical work. Specifically, the "Phase 1 Initiative" and deadlines cited in the reports are not required by,

or specifically tied to, the Contract, but were imposed at significant cost by MOX Services's management on its craft workers, with no benefit, and at great cost, to NNSA.

11. After MOX Services abandoned the Phase 1 initiative, it changed design for Rooms D104 and D106. The changes were not tied to any contractual direction from NNSA or Contract requirements. These late changes required significant rework on cable trays and associated parts. The cable trays should not have been scheduled for installation without ensuring supports were both installed and designed, and that the design was adequate at the time of the Phase 1 initiative.

12. Similar electrical work sequencing failures occurred with the installation of Air Conditioning Units in Rooms D104 and D106, where the units and associated parts were not installed before the installation of the cable trays in each room. Had the units been installed in the correct sequence, the rework that occurred would not have been necessary.

13. Similar electrical work sequencing failures occurred in MOX Services's engineering and project management organizations related to its "Design Freeze" list in Rooms D104 and D106. According to MOX Services's own records, cable should not have been installed in D106 during Phase 1.

14. MOX Services failed to use its best efforts to perform in an efficient and effective manner as required by Section B.1(a) of the Contract.

15. MOX Services failed to use its best efforts by imposing on its craft workers a deadline not required by or specifically tied to the Contract, with no benefit, and at significant cost, to NNSA.

16.     MOX Services failed to use its best efforts by installing the wrong type of cable due to the self-imposed deadline, and by damaging installed work products to "expedite installation" or take a "short cut."

17.     MOX Services failed to use its best efforts by failing to properly identify and schedule all required installation activities, and continuing to install when management knew or should have known that all of this installation would need to be removed.

18.     MOX Services failed to use its best efforts by not performing the electrical work in question consistent with H.14 of the Contract.

19.     MOX Services's managers or supervisors failed to order electrical re-work in good faith by imposing on its craft workers deadlines not required by or specifically tied to the contract, with no benefit, and at great cost, to NNSA.

20.     MOX Services's managers or supervisors failed to order electrical re-work in good faith by (i) installing the wrong type of cable due to the self-imposed deadline; and (ii) damaging installed work products to "expedite installation" or take a "short cut."

21.      MOX Services's managers or supervisors failed to order electrical re-work in good faith by failing to properly identify and schedule all required installation activities, and continuing to install when management knew or should have known that this installation would need to be removed.

22.     MOX Services managers or supervisors failed to order electrical re-work in good faith by lack of engineering and project management that caused numerous previously-installed cable trays and associated supports to be (i) removed due to being deleted from the design; (ii) removed and reinstalled due to design changes regarding the required cable tray size; and/or (iii) removed due to interference with other commodities.

23. MOX Services's managers or supervisors failed to order electrical re-work in good faith by failing to follow its work procedures by scheduling electrical commodity installation in room D106 when its own documents showed the design for that room was still in flux and not ready for efficient construction.

24. MOX Services's managers or supervisors failed to order electrical re-work by failing to adhere to its own scope of work for the two rooms (D104 and D106) at the time of the Phase 1 Energization, and performing any work at all in these rooms when the schedule was plainly inadequate.

25. MOX Services failed to follow the terms of the Contract, specifically Section J.111.G.1.b, which requires MOX Services to be responsible for planning, managing, and controlling all construction activities; and Section J.II.A.8, which requires that design and procurement schedules are construction-driven and designs are configured to enable efficient construction.

26. MOX Services failed to follow the terms of the Contract by imposing on its craft workers deadlines not required by or specifically tied to the contract, which demonstrates failure to (i) plan, manage, and control all construction activities in a reasonable manner and (ii) ensure constructability is incorporated into designs.

27. MOX Services failed to follow the terms of the Contract by installing the wrong type of cable due to the self-imposed deadline; and damaging installed work products to "expedite installation" or take a "short cut," which demonstrates failure to plan, manage, and control all construction activities.

28. MOX Services failed to follow the terms of the Contract by failing to properly identify and schedule all required installation activities, and continuing to install when

management knew or should have known that this installation would need to be removed, which demonstrates failure to plan, manage, and control all construction activities.

29. MOX Services failed to follow the terms of the Contract by lack of engineering and project management that caused numerous previously-installed cable trays and associated supports to be: (i) removed due to being deleted from the design; (ii) removed and reinstalled due to design changes of the required cable tray size; and/or (iii) removed due to interference with other commodities demonstrates. This demonstrates failure to: (i) plan, manage, and control all construction activities in a reasonable manner; and (ii) ensure constructability is incorporated into designs.

30. MOX Services failed to follow the terms of the Contract by installing the air conditioning units and supports after the cable trays, which is the opposite of the correct installation sequence, and resulted in additional unnecessary and wasteful activities to work-around MOX Services's improperly sequenced air conditioning unit installation. This demonstrates failure to plan, manage, and control all construction activities.

31. MOX Services failed to follow the terms of the Contract by failing to follow its work procedures by scheduling electrical commodity installation in room D106 when its documents showed the design for that room was still in flux and not ready for efficient construction, which demonstrates failure to: (i) plan, manage, and control all construction activities; and (ii) ensure constructability is incorporated into designs.

32. MOX Services failed to follow the terms of the Contract by not adhering to its own scope of work for the two rooms (D104 and D106) at the time of the Phase 1 Energization, and performing any work at all in these rooms when the schedule was plainly inadequate, which

demonstrates failure to: (i) plan, manage, and control all construction activities; and (ii) ensure constructability is incorporated into designs.

33. The costs MOX Services incurred from the electrical rework in question are not reasonable, and therefore not reimbursable, as required by Federal Acquisition Regulation 31.201-2(a)(1) and 31.201-3(b).

34. The amount of unreasonable costs invoiced to, and paid by, NNSA for the electrical rework in question is $526,895.

35. On October 25, 2018, the contracting officer (CO) issued a contracting officer's final decision (COFD) that disallowed $526,895 of the costs paid to MOX Services for unreasonable electrical rework. The CO determined that these costs were not reasonable and therefore not allowable.

36. The United States is entitled to recover the disallowed costs that were paid to MOX Services, plus interest, costs, and fees to the extent permitted by law.

37. This counterclaim does not waive, and the United States expressly reserves, its right to collect this debt via administrative means, including offset, pursuant to the Contract Disputes Act, the common law, 28 U.S.C. § 3003(c)(6), FAR 32.606, and any other applicable law or regulation.

WHEREFORE, defendant respectfully requests that the Court enter judgment in its favor in the amount of $526,895, plus interest, costs and fees to the extent permitted by law; order that plaintiff's complaint be dismissed; and grant defendant such other and further relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JOSEPH H. HUNT<br>Assistant Attorney General |
|  | ROBERT E. KIRSCHMAN, JR.<br>Director |
| OF COUNSEL | |
| MARY-ELLEN NOONE<br>Site Counsel<br>Savannah River Field Office<br>National Nuclear Security<br>Administrations<br>Building 246-F<br>P.O. Box A<br>Aiken, South Carolina, 29802 | s/Allison Kidd-Miller<br>ALLISON KIDD-MILLER<br>Assistant Director<br><br>s/Joseph E. Ashman<br>JOSEPH E. ASHMAN<br>P. DAVIS OLIVER<br>Senior Trial Counsel<br><br>SOSUN BAE<br>ANTHONY F. SCHIAVETTI<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel:  (202) 353-7579<br>Fax: (202) 514-8624 |
| DATE:  April 15, 2019 | Joseph.Ashman@usdoj.gov |